### In re O'NEILL.

(District Court, S. D. Florida, at Jacksonville. February 14, 1923.)

#### No. 2421.

1. **Bankruptcy ⊜81 (3)—Petition held to state debts with sufficient particularity, and not open to objection as not showing petitioners were creditors when act of bankruptcy committed.**

    An involuntary bankruptcy petition, alleging that the petitioners were creditors of the alleged bankrupt, having provable claims against him amounting, in the aggregate, in excess of the value of securities held by them, to $500, and that neither of the petitioners was entitled to priority of payment, and neither of them had received a preference, stated the petitioners' debts against the bankrupt with reasonable particularity, and was not open to the objection that it did not specify that the petitioners were creditors at the time of the acts of bankruptcy charged.

2. **Bankruptcy ⊜81 (4)—Allegations of petition as to commission of act of bankruptcy held insufficient.**

    An involuntary bankruptcy petition, alleging that within four months preceding its filing, and on or about a certain date, the bankrupt, while insolvent, committed an act of bankruptcy, in that he transferred a portion of his property to a creditor named, with intent to prefer such creditor, was insufficient, as the act of bankruptcy should be stated with particularity, giving such facts as to time, place, transaction, and other necessary information, as to bring it within Bankruptcy Act, § 3a (Comp. St. § 9587).

In Bankruptcy. In the matter of W. E. O'Neill, alleged bankrupt. On motion to dismiss the petition. Motion granted, with leave to amend.

Gardiner & Brass, of Daytona, Fla., for bankrupt.

Sholtz & Green, of Daytona, Fla., for petitioning creditors.

CLAYTON, District Judge. This cause is submitted on the motion of the alleged bankrupt to dismiss the involuntary petition filed by the creditors against him, upon the grounds: (1) That it does not specify. the time of the alleged commission of the acts of bankruptcy; (2) that it does not specify that petitioners were creditors of the alleged bankrupt at the time of the acts of bankruptcy charged.

[1] Considering the objections to the petition in the reverse order, it is to be observed that the second objection is not well taken, because the petition does sufficiently state that the three—

"petitioners are creditors of said W. E. O'Neill, having provable claims against him which amount in the aggregate, in excess of the value of securities held by them, to five hundred ($500.00) dollars; and that neither of your petitioners are entitled to priority of payment in this said claim within the meaning of section 64 (b) of the Bankruptcy Law of 1898 (Comp. St. § 9648), nor has either of your petitioners received a preference within the meaning of section 60 (a) and (b) of such law as amended (Comp. St. § 9644)."

Thus the petitioners' debts against the bankrupt are set forth with reasonable particularity, accompanied by other usual necessary allegations.

[2] As to the first objection urged, the petition alleges that within four months preceding the filing of this petition, viz. on or about the 10th day of October, 1922, the said W. E. O'Neill, while insolvent, committed an act of bankruptcy, in that he did transfer a portion of his property to one of his creditors, to wit, the East Coast State Bank & Trust Company, of Daytona Beach, Fla., with intent to prefer such creditor over his other creditors.

I think this allegation is insufficient. The act of bankruptcy should be stated with particularity, giving such sufficient facts as to time, place, transaction, and other necessary information to show the commission of the act or acts bringing the case within section 3a.

The petitioning creditors ask leave, if their petition be held to be insufficient, to amend the same. Accordingly, such leave is granted.